Arthur C. HUSER, Appellant,

v.

SANTA FE POMEROY, INC.,
Appellee.

Arthur C. HUSER, Appellee,

v.

SANTA FE POMEROY, INC.,
Appellant.

Nos. 73–2660, 73–2551.

United States Court of Appeals,
Ninth Circuit.

April 9, 1975.

Harry J. Kreamer (argued), San Francisco, Cal., for appellant and cross-appellee.

Norman H. Abreu (argued), San Francisco, Cal., for appellee and cross-appellant.

OPINION

Before ELY, HUFSTEDLER, and KILKENNY, Circuit Judges.

PER CURIAM:

Santa Fe Pomeroy, Inc. (hereinafter Pomeroy) entered into a contract to erect a large hotel building in San Francisco, California. In connection with the project, Pomeroy manufactured reenforced concrete pilings in Petaluma, California and transported the pilings, in its own barges, to a pier on San Francisco's waterfront. The pilings were transfer-

red from the barges, either onto a pier or directly onto tractor trailers parked on the pier, for their subsequent conveyance to the building site. The removals of the pilings from the barges was accomplished by means of cranes affixed to the barges. Huser, an employee of Pomeroy, was the foreman of the particular unloading operation out of which this litigation arose. The crane operator, the oiler, and all journeymen pile drivers who were part of the unloading crew were also employed by Pomeroy. Thus, except for the tractor-trailer equipment to which pilings were being transferred from the barge at the time of the accident and the operator thereof, Pomeroy was the owner and employer, respectively, of all other equipment and personnel engaged in the operation.

In order to oversee the operation from a higher vantage point, Huser climbed onto the top of the cab of the tractor. The pilings swayed as they were being lowered by the crane, Huser was struck by the swaying cargo, knocked from the cab, and severely injured. He thereupon instituted his suit in admiralty.

A jury determined the issue of liability in favor of Huser and fixed the amount of his monetary damage at $150,000. The district judge accepted the jury's verdict on the issue of liability but disagreed with the jury's finding that Huser was not contributively negligent. The judge determined that Huser was negligent and that his negligence contributed, to the extent of 30 per cent, as a proximate cause of the accident. Judgment in Huser's favor was thereupon entered in the amount of $105,000. Both Huser and Pomeroy appeal.

Essentially, Huser makes two contentions:

(1) That the district judge was required to accept the jury's finding that there was no contributory negligence on Huser's part.

(2) That the evidence does not justify a determination that contributory negligence existed.

■ Neither contention has merit. It is unnecessary to discuss the various arguments advanced by the parties in respect to whether Huser had a right to a trial by jury. The record is clear that the district judge and the parties agreed that the jury was to be engaged only in an advisory capacity. This being true, it is obvious to us that the parties contemplated that the ultimate responsibility would rest in the district judge, acting under his authority as a judge in admiralty. As to Huser's second contention, there was ample evidence to support the district judge's finding of contributory negligence to the extent of 30 percent. Other and safer alternatives were available to Huser, one of which was to wait until the pilings had been lowered to a point immediately above the trailer rather than mounting the cab, as he did, when the pilings were at a considerably higher elevation whereat their swaying would appear to pose a much more dangerous threat to Huser's safety.

■ Pomeroy's appeal is based upon the contention that the court lacked admiralty jurisdiction. It bases its argument upon *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971). We interpret *Victory Carriers* as standing for the general proposition that admiralty jurisdiction is lacking when a longshoreman is injured while he is working on a pier and his injuries are caused *exclusively* by pierside equipment. This is not such a case. We view the situation here as more analogous to that presented in *Gutierrez v. Waterman S.S. Corp.*, 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963), wherein admiralty jurisdiction was held to apply. *See also* Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946).

The parties to the appeal and cross-appeal herein shall each bear the costs which they, respectively, have incurred in connection with the proceedings in this court.

In all respects, the judgment of the District Court is

Affirmed.